PRESSEY ENTERPRISES, INC
v BARNETT-FRANCE INSURANCE AGENCY

Docket No. 258646. Submitted May 11, 2006, at Petoskey. Decided June
   8, 2006. Approved for publication July 25, 2006, at 9:20 a.m. Leave
   to appeal sought.

   Pressey Enterprises, Inc.; and others brought a negligence action in
      the Emmett Circuit Court against Barnett-France Insurance
      Agency. The plaintiffs alleged that the defendant had failed to
      obtain adequate or appropriate insurance coverage for the plain-
      tiffs, resulting in insufficient coverage when a fire substantially
      damaged the plaintiffs' hotel. The court, Charles W. Johnson, J.,
      granted the defendant summary disposition. The plaintiffs ap-
      pealed.

      The Court of Appeals *held*:

      The trial court did not err by granting the defendant summary
      disposition. The general rule is that a licensed insurance agent has
      no affirmative duty to advise or counsel an insured about the
      adequacy or availability of insurance coverage. Exceptions arise
      when (1) the agent misrepresents the nature or extent of the
      coverage offered or provided, (2) an ambiguous request is made
      that requires a clarification, (3) an inquiry is made that may
      require advice, and the agent, though he or she need not, gives
      advice that is inaccurate, or (4) the agent assumes an additional
      duty by either an express agreement with or a promise to the
      insured. The plaintiffs failed to demonstrate that any of these
      exceptions applied in this case. While the defendant's agent stated
      that she would change the plaintiffs' policy from a builder's risk
      policy to a full business/commercial policy when the plaintiffs
      began putting furniture into the hotel and knew their opening
      date, she did not state that she would do so without further contact
      with the plaintiffs, and the plaintiffs did not contact the agent.
      When the plaintiffs requested contents coverage, the agent added
      that coverage in the requested amount to the plaintiffs' builder's
      risk policy, the only policy the plaintiffs had at the time. The
      request was not ambiguous, nor did it require clarification. At the
      time of the fire, the builders were still working in the plaintiffs'
      hotel; it was not occupied and it was not open for occupancy.

      Affirmed.

Insurance — Licensed Insurance Agents — Adequacy or Availability of Insurance Coverage — Insurance Agents' Duty to Advise.

A licensed insurance agent generally has no affirmative duty to advise or counsel an insured about the adequacy or availability of insurance coverage; exceptions to this general rule arise when (1) the agent misrepresents the nature or extent of the coverage offered or provided, (2) an ambiguous request is made that requires a clarification, (3) an inquiry is made that may require advice, and the agent, although he or she need not, gives advice that is inaccurate, or (4) the agent assumes an additional duty by either an express agreement with or a promise to the insured.

*Ingleson & Donohue, P.C.* (by *Harry Ingleson, II*), for the plaintiffs.

*Merry, Farnen & Ryan, P.C.* (by *Lynda B. Farnen* and *Michael T. Ryan*), for the defendant.

Before: Sawyer, P.J., and Kelly and Davis, JJ.

Per Curiam. Plaintiffs appeal as of right the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). Plaintiffs alleged that defendant insurance agency negligently failed to obtain adequate or appropriate insurance coverage for them, which resulted in plaintiffs' insurance coverage falling short when a fire "almost completely" destroyed their hotel. The trial court applied the standard in *Harts v Farmers Ins Exch,* 461 Mich 1; 597 NW2d 47 (1999), and ruled that plaintiffs failed to produce evidence demonstrating the applicability of any exception to the general rule that insurance agents do not owe an affirmative duty to advise or counsel an insured about the adequacy or availability of coverage. We affirm.

Plaintiffs contend that the trial court erred in granting defendant's motion for summary disposition. We disagree. We review de novo a trial court's decision on a

motion for summary disposition. *Dressel v Ameribank,* 468 Mich 557, 561; 664 NW2d 151 (2003). Summary disposition is proper under MCR 2.116(C)(10) if the documentary evidence submitted by the parties, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Veenstra v Washtenaw Country Club,* 466 Mich 155, 164; 645 NW2d 643 (2002).

In a negligence action, a plaintiff must show that the defendant owed the plaintiff a duty, that the defendant breached that duty, causation, and damages. *Case v Consumers Power Co,* 463 Mich 1, 6; 615 NW2d 17 (2000). "Whether a duty exists is a question of law that is solely for the court to decide." *Harts, supra* at 6, citing *Murdock v Higgins,* 454 Mich 46, 53; 559 NW2d 639 (1997). There are four exceptions to the general rule that there is no affirmative duty for a licensed insurance agent to advise or counsel an insured about the adequacy or availability of coverage, arising when

> (1) the agent misrepresents the nature or extent of the coverage offered or provided, (2) an ambiguous request is made that requires a clarification, (3) an inquiry is made that may require advice and the agent, though he need not, gives advice that is inaccurate, or (4) the agent assumes an additional duty by either express agreement with or promise to the insured. [*Harts, supra* at 10-11.]

Plaintiffs contend that the first exception applies because Belinda Mollen, defendant's agent, said that she would switch the policy from a builder's risk policy to a full business/commercial policy once plaintiffs began putting furniture into the hotel and knew their opening date, but Mollen failed to change the policy when she learned that plaintiffs were furnishing the hotel and had plans to open the hotel on Labor Day

weekend. However, there is no evidence that Mollen ever stated that she would automatically switch the policy from a builder's risk policy to a full policy at a given time without further contact with plaintiffs. Plaintiff Sharon Pressey testified that Mollen told her to call when plaintiffs were ready to open and the builders were gone. Mollen indicated that she would switch the policy then. As of the date of the fire, Sharon had not called Mollen to confirm the opening date of the hotel, nor had the hotel been opened. Therefore, we conclude that plaintiffs failed to demonstrate a genuine issue of fact regarding whether defendant misrepresented the nature or extent of the coverage offered or provided.

Plaintiffs also argue that the second exception applies because their request for contents coverage was ambiguous when (1) the contents coverage could have been added to either the builder's risk policy or the full business/commercial policy, (2) Mollen had an obligation to ask where to place the coverage, and (3) Mollen placed the contents coverage on the builder's risk policy instead of the full business/commercial policy. However, at the time plaintiffs requested contents coverage, plaintiffs informed Mollen that they still had builders in the hotel and that the building was not occupied. Also, at the time, plaintiffs only had a builder's risk policy. Mollen placed the requested contents coverage on that policy. There was no other policy to which the contents coverage could have been added. Further, plaintiffs indicated the amount of contents coverage they wanted. Mollen added contents coverage in that amount. An agent generally does not have a duty to advise the insured regarding the adequacy of the insurance coverage. *Harts*, *supra* at 2, 7-8.

Unlike the ambiguous request for "full coverage" discussed in *Harts,* plaintiffs' request for contents coverage was not a request for an inexact or nonexistent type of coverage. It was a request for a specific and available additional policy. Further, Mollen was able to successfully add contents coverage to the builder's risk policy. It was not the case that contents coverage could only be added to a business/commercial policy. Therefore, plaintiffs' request to add contents coverage did not implicitly require a change from a builder's risk policy to a business/commercial policy, nor did it require further clarification.

Plaintiffs also argue that their statement that they were "over budget" was an ambiguous request that called for Mollen to make clarifications. Although plaintiffs may have hoped that Mollen would expand her explanation, plaintiffs' comment that they were "over budget" was simply a statement, not an inquiry that called for clarification. The evidence does not demonstrate that plaintiffs made an ambiguous request that required clarification.

Plaintiffs also assert that the third exception applies because Mollen gave them inaccurate advice regarding putting contents coverage on the builder's risk policy and also gave them inaccurate advice when she told plaintiffs they needed an occupancy permit before she could switch the policy from a builder's risk policy to a business/commercial policy. As discussed above, plaintiffs requested that contents coverage be added. At that time, the policy plaintiffs had was a builder's risk policy. Mollen placed the requested contents coverage on that policy because there was no other policy to which contents coverage could be added. Furthermore, although plaintiffs presented testimony that it is customary to put contents coverage on a business/commercial

policy rather than a builder's risk policy, Mollen explained that "insureds, customarily, wait until the occupancy permit has been obtained, a package written and then contents brought in." In this case, plaintiffs indicated to Mollen that the builders were still in the building and that contents were being added. At that time, the hotel was not occupied, nor was it open for occupancy. The evidence does not demonstrate that inaccurate information was provided in this regard. Additionally, while the evidence demonstrated that an occupancy permit was not explicitly required before the policy could be changed, it also demonstrated that, as a practical matter, the applicable business/commercial policy could only be written if the premises were occupied for their intended purpose and, to be so occupied, an occupancy permit was required. Therefore, plaintiffs have failed to demonstrate that defendant provided inaccurate information in response to an inquiry.

Finally, plaintiffs contend that the fourth exception applies because Mollen assumed a duty when she told them she would switch the policy from a builder's risk policy to a business/commercial policy once plaintiffs started putting furniture in the hotel and knew their opening date. However, as discussed above, Mollen never expressly stated that she would switch the policy from a builder's risk policy to a full business/commercial policy without further contact with plaintiffs. Furthermore, at the time of the fire, the builders were still working in the hotel, the hotel was not occupied for its intended purpose, and the hotel was not open. Plaintiffs failed to establish that Mollen assumed an additional duty by either an express agreement with or a promise to them.

Therefore, we conclude that there was no genuine issue of material fact demonstrating the applicability of

an exception to the general rule that an insurance agent has no duty to advise about the adequacy of insurance coverage. The trial court did not err in granting defendant's motion for summary disposition.

Affirmed.